J-S06035-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :             PENNSYLVANIA
                                      :
               v.                          :
                                      :
                                      :
LEE A. HORTON                       :
                                      :
             Appellant               :       No. 85 EDA 2020

Appeal from the PCRA Order Entered November 25, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0731772-1993

BEFORE: PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                  Filed: April 22, 2021

Lee A. Horton (Horton) appeals from the order of the Court of Common Pleas of Philadelphia County (PCRA court) denying his fourth petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

**I.**

The PCRA court summarized the facts underlying Horton's convictions.

> The evidence adduced at trial established that on May 31, 1993, [Horton], his brother Dennis Horton ("Dennis"), and a co-conspirator Robert Leaf ("Leaf") robbed Filito's Bar located at 5th and Hunting Park Avenue. During the course of the robbery, Dennis, who was brandishing a rifle, shot Samuel Alemo multiple times. He later died from his gunshot wounds. Dennis also shot Luz Archella and her daughter Luz Martinez, injuring both. After leaving the bar, the three men fled in a blue automobile. A passerby was able to supply a description of the vehicle and a

_____

[*] Retired Senior Judge assigned to the Superior Court.

partial license plate number. A radio call was sent out, which included a description of the three assailants, their vehicle, and the last four digits of the license plate. A police officer observed the vehicle a short time later only a mile from the crime scene and placed [Horton] and his companions under arrest. Police recovered a .22 caliber semi-automatic rifle from the backseat of the car as well as a black pellet gun under the front passenger seat. Ballistics testing identified the rifle as the same weapon used during the robbery at Filito's. [Horton], Dennis, and Leaf were taken to the hospital where Martinez and her daughter, as well as another bar patron Miguel DeJesus, identified them as the robbers.

PCRA Court Opinion (PCO), 6/17/20, at 2.

In September 1994, a jury convicted Horton of second-degree murder, three counts of robbery, four counts of aggravated assault, conspiracy and possession of an instrument of crime. In March 1995, the trial court sentenced Horton to life imprisonment for second-degree murder and a consecutive 18½ to 61 years' imprisonment on the remaining counts.[1] This Court affirmed the judgment of sentence on direct appeal. *Commonwealth v. Horton*, 678 A.2d 828 (Pa. Super. 1996) (unpublished memorandum). Horton did not file a petition for allowance of appeal.

Horton filed three successive PCRA petitions in the next two decades. In each case, though, the PCRA court dismissed the petition. Horton appealed each dismissal to no avail. *Commonwealth v. Horton*, 736 A.2d 9 (Pa.

_____

[1] Dennis Horton (Dennis) and Robert Leaf (Leaf) were co-defendants at trial. Dennis was convicted of second-degree murder and sentenced to life imprisonment, while Leaf was convicted of third-degree murder and sentenced to a term of years.

Super. 1998) (unpublished memorandum) (first petition); **Commonwealth v. Horton**, 48 A.3d 479 (Pa. Super. 2012) (unpublished memorandum) (second petition); **Commonwealth v. Horton**, 134 A.3d 495 (Pa. Super. 2015) (unpublished memorandum) (third petition).

After his third petition, Horton requested review of the homicide investigation file through the Philadelphia District Attorney Office's Conviction Integrity Unit. On September 18, 2018, Horton received the file and learned that it contained two documents that the Commonwealth did not disclose in discovery. The two documents were preliminary handwritten notes by the lead detective. Both notes listed everyone involved in the crime - including all defendants and victims - and included a notation next to Leaf's name, in parenthesis, that he was the "shooter."[2] The evidence at trial established that Horton's brother, Dennis, was the shooter.

Relying on these notes, Horton filed this petition on November 16, 2018. Recognizing that the petition was untimely, Horton pled the jurisdictional time-bar exceptions for interference by government officials and newly

---

[2] The investigation file also contained a "complaint fact record." This document, which a detective wrote the night of the murder, included the notation: "Leaf is shooter." Horton, however, obtained this document in 2014 and included it in a supplement to his third petition. We determined that the document was a matter of public record and not newly-discovered evidence. **See Commonwealth v. Horton**, 2015 WL 754205, at *3 (Pa. Super. November 17, 2015) (unpublished memorandum). As a result, we will not consider this document as part of our determination.

discovered facts. 42 Pa.C.S. § 9545(b)(1)(i), (ii).[3] Turning to the merits, Horton asserted that the Commonwealth committed a **Brady**[4] violation for failing to disclose the handwritten notes. According to Horton, these notes showed that the police at first believed that Leaf and not his brother was the shooter. On October 29, 2019, the PCRA court issued notice under Pa.R.Crim.P. 907(1) that it intended to dismiss Horton's petition. The PCRA court dismissed the petition on November 25, 2019, following which Horton timely appealed.

The PCRA court later explained its dismissal in its Pa.R.A.P. 1925(a) opinion. First, the PCRA court clarified that Horton's petition was timely under the newly discovered facts exception.

> [The handwritten notes] were previously unknown to [Horton] and it is unlikely that he would have been able to gain access to them any earlier with the exercise of due diligence as they were in the possession of the District Attorney's Office. As stated above, this analysis does not require any merits analysis of the underlying claims. It is sufficient that this evidence was new to [Horton] and he likely could not have ascertained them any earlier with the exercise of due diligence.

_____

[3] At the time, under 42 Pa.C.S. § 9545(b)(2), PCRA petitioners had 60 days to file their petition from the date when their claims could have been raised. Based on this, Horton asserted in his petition that he timely filed within 60 days of learning about the documents. An amendment to Section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). That amendment applies to any claims arising on or after December 24, 2017, which would include Horton's claims.

[4] **Brady v. Maryland**, 373 U.S. 83 (1963).

PCO at 6.

Despite the petition being timely, the PCRA court found the petition to be meritless. Though styled as a **Brady** violation, the PCRA court treated Horton's petition as raising an after-discovered evidence claim under 42 Pa.C.S. § 9545(a)(2)(vi). Finding that it did not meet the criteria, the PCRA court made two findings. First, the PCRA court found that Horton would use the notes for impeachment purposes, as Horton asserted that the documents undercut the reliability of the various witnesses. PCO at 7. Next, the PCRA court found that Horton could not show that the documents would compel a different verdict. The court explained:

> The evidence shows that [Horton] entered the bar with Leaf and Dennis, who were both armed. [Horton] took money from a bar patron while Leaf held a gun to the patron's head. [Horton] remained present when Dennis opened fire on two other bar patrons and murdered Alemo. He then fled the bar together with Leaf and Dennis, and was arrested with them a short time later. Thus, even if the police notations contain contradictory information as to whether it was Dennis or Leaf who shot the bar patrons, all evidence including the notations themselves, remain steadfast that [Horton] was present and committed the armed robbery alongside Dennis and Leaf. Regardless who opened fire, [Horton] remains liable as an accomplice for any resulting deaths as well as any other crimes committed that night at Filito's bar during the robbery.

**Id**.

After finding no relief due under Section 9545(b)(2)(vi), the PCRA court then determined that Horton could not establish a **Brady** violation either. In its discussion, the court noted that a defendant must show that prejudice

resulted from the prosecution's suppression of the favorable evidence. *Id*. at 8 (citing *Commonwealth v. Stetler*, 95 A.3d 864, 878 (Pa. Super. 2014)). Finding no prejudice, the court reiterated its prior analysis that the handwritten notes did not negate that Horton was present and participated in the robbery that led to the murder of Samuel Alemo. *Id*.

## II.

On appeal, Horton argues that the PCRA court erred in dismissing his petition and that his petition established that he was entitled to relief or, at the very least, an evidentiary hearing.[5]

Horton begins by attacking the evidence for his convictions, first criticizing the eyewitness identifications of himself and his brother. Besides citing a non-record report about the fallibility of eyewitness testimony, Horton goes through the witnesses at the bar and highlights their inconsistencies in their identification of the three defendants. *Id*. at 9-11. He does the same

_____

[5] Our standard of review in a PCRA appeal requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. *Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018). We consider the record in the light most favorable to the prevailing party in the PCRA court. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015). In our review, we defer to the PCRA court's findings supported by the record, and we will not disturb those findings unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014). Additionally, "the decision whether to grant an evidentiary hearing is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Reid*, 99 A.3d 470, 485 (Pa. 2014) (citation omitted).

for the partial license plate description that led to the vehicle stop, suggesting that the police fabricated the information. To support this speculative claim, he cites non-record studies and unrelated cases from Philadelphia. *Id*. at 11-13. Horton then goes into an oral statement that Leaf gave to the lead detective, as well as a jailhouse declaration of a cellmate who claimed that Leaf confessed to the murder. *Id*. at 13-15.[6]

Moving to relevant law, Horton emphasizes that materiality for a **Brady** violation does not require the petitioner to show that "disclosure of the suppressed evidence would have results ultimately in a defendant's acquittal." *Id*. at 16 (quoting **Kyles v. Whitely**, 514 U.S. 419, 434 (1995)). Horton contends that if the Commonwealth had turned over the handwritten notes, they would have shown that the Commonwealth's theory - that his brother was the shooter and not Leaf - was wrong. On the other hand, he asserts, even if the detective were wrong in this belief, then that would cast doubt on the integrity of the investigation. *Id*. at 17. Horton reasserts this point later in his argument when he argues that the PCRA court applied an incorrect,

---

[6] This Court considered this alleged jailhouse confession in connection with Dennis' second PCRA petition. There, we held that the alleged confession constituted clear hearsay and would not qualify under the statement against the penal interest exception. **See Commonwealth v. Horton**, 2881 EDA 2010, at *11-12 (Pa. Super. April 17, 2012) (unpublished memorandum). Consistent with this holding, we attach no weight to this inadmissible evidence. We do the same for Leaf's oral statement, which, as Horton notes, was not admitted at trial.

more-demanding standard for materiality than required under **Brady**. **Id**. at 20.[7]

Under **Brady**, the prosecution's failure to disclose exculpatory evidence violates a defendant's Fourteenth Amendment due process rights. **Commonwealth v. Ly**, 980 A.2d 61, 75 (Pa. 2009). To establish a **Brady** violation, the burden is on the defendant to plead and prove that "(1) the prosecutor has suppressed the evidence; (2) the evidence, whether exculpatory or impeaching, is helpful to the defendant; and (3) the suppression prejudiced the defendant." **Commonwealth v. Carson**, 913 A.2d 220, 244 (Pa. 2006).

In assessing the prejudice under **Brady**, favorable evidence is material and constitutional error results from its suppression by the government if

---

[7] The Commonwealth insists that despite the PCRA court's finding, Horton's petition does not qualify under any of the jurisdictional time-bar exceptions under 42 Pa.C.S. 9545(b)(1). After review, however, we find that the PCRA court did not err in finding Horton's fourth petition timely under the newly-discovered evidence exception, despite the Commonwealth's contention to the contrary. To establish the exception, a petitioner must prove that "the facts upon which [his] claim is predicated were unknown to [him] and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S § 9545(b)(1)(ii). "Due diligence demands the petitioner to take reasonable steps to protect [his] own interests." **Commonwealth v. Shiloh**, 170 A.3d 553, 558 (Pa. Super. 2017) (citation omitted). As the PCRA court observed, Horton did not know about the handwritten notes and could not have discovered them earlier, since he obtained the notes only after seeking review with the newly instituted Conviction Integrity Unit. As Horton's claim sounded in **Brady**, the focus is on the previously unknown handwritten notes, not on whether Leaf was the shooter, as the Commonwealth seems to think it should be. Thus, we will address the merits of Horton's petition.

there is a reasonable probability that, had the Commonwealth disclosed the evidence, the result of the proceeding would have been different. ***Commonwealth v. Weiss***, 81 A.3d 767, 783 (Pa. 2013). Reasonable probability is a probability sufficient to undermine confidence in the outcome. ***Id***. In determining if the petitioner has shown a reasonable probability of a different outcome, the question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence. ***Id***. "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense." ***Commonwealth v. Chambers***, 807 A.2d 872, 887 (Pa. 2002).

Putting aside whether Horton's claim satisfies the first two elements of a ***Brady*** claim, we agree with the PCRA court's conclusion that Horton could not show prejudice. As summarized above, Horton's argument on this issue seems to be that this was a closely contested case in which the handwritten notes would have tipped the scaled. It would not have done so.

First, the jury convicted Horton of second-degree murder. ***See*** 18 Pa.C.S. § 2502(a)(2) ("A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony."). Regardless of the shooter, all the evidence, including the detective's notes themselves, is consistent that

Horton participated in the robbery with his brother Dennis and Leaf. ***See*** PCO at 7. Like the PCRA court, we fail to see how these preliminary investigation notes detract from the evidence that Horton was guilty of second-degree murder. Whether Leaf or his brother Dennis was the shooter had little or no connection with the jury's finding that Horton participated in the robbery.

Horton tries to counter this by arguing that the inconsistency about the shooters casts the entire investigation in doubt, including his identification as being a participant. We disagree. As we have discussed, the handwritten notes merely have a notation of "shooter" next to Leaf's name - no information is given about when the detective made this notation or who was the source for this information. As Horton acknowledges, the lead detective presumably got the information from one of the witnesses. Yet as he recounts in his brief, there were inconsistencies between not only the witnesses' testimony, but their own identifications themselves. These were developed and raised at trial.

For that reason, we find the PCRA court did not err in finding that Horton was prejudiced by not having the lead detective's preliminary investigation notes. Besides not undermining his second-degree murder conviction, the

notes merely suggest a possible inconsistency that, in any event, was raised at trial. Thus, no relief is due.[8]

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *4/22/21*

---

[8] Horton also argues that he is entitled to relief under § 9545(a)(2)(vi), presumably because the PCRA court decided to analyze whether the handwritten notes constituted after-discovered evidence warranting a new trial. In his November 16, 2018 petition, Horton raises only **Brady** as a basis for relief; he never claims that he is entitled to relief under § 9545(a)(2)(vi) or that the handwritten notes constitute after-discovered evidence. As a result, Horton has waived this claim. "Any claim not raised in the PCRA petition is waived and not cognizable on appeal." **Commonwealth v. Washington**, 927 A.2d 586, 601 (Pa. 2007); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").